SCANNED at SCCC and E-mailed
7-15-16 by mo. 41 pages
date   initials   No.

PETITION UNDER 28 U.S.C. § 2254 FOR WRIT OF
HABEAS CORPUS BY A PERSON IN STATE CUSTODY

| United States District Court | District: Western District of Missouri |
|---|---|
| Name (under which you were convicted): Andrew Sapien | Docket or Case No: |
| Place of Confinement: South Central Correctional Center | Prisoner No.: 1173948 |
| Petitioner (include the name under which you were convicted): Andrew Sapien | V. Respondent (Authorized person having custody of Petitioner): Michael Bowersox, et al. |
| The Attorney General of the State of: Chris Koster | |

## PETITION

1. (a) Name and location of court that entered the judgment of conviction you are challenging:
Circuit Court of Platte County, Mo. 6th Judicial Circuit
415 3rd Street, Suite 65
Platte City, Mo. 64079

   (b) Criminal docket or case number (if you know): 05AE-CR00888-03

2. (a) Date of the judgment of conviction (if you know): January 30, 2008

   (b) Date of sentencing: March 30, 2008

3. Length of sentence: 30 years on two counts, concurrent

4. In this case, were you convicted on more than one count or of more than one crime?  Yes X  No

5. Identify all crimes of which you were convicted and sentenced in this case:
Statutory Sodomy, First Degree, 2 Counts

1

Case 4:16-cv-00851-ODS   Document 1   Filed 07/15/16   Page 1 of 19

6. (a) What was your plea? (Check one)
   (1) Not guilty ☒  (3) Nolo Contendere (no contest) ___
   (2) Guilty ___  (4) Insanity plea ___

   (b) If you entered a guilty plea to one count or charge and a not guilty plea to another count or charge, what did you plead guilty to and what did you plead not guilty to? N/A

   (c) If you went to trial, what kind of trial did you have? (check one)
   Jury ☒   Judge only ___

7. Did you testify at a pretrial hearing, trial, or a post-trial hearing?
   Yes ☒   No ___

8. Did you appeal from the judgment of conviction?
   Yes ☒   No ___

9. If you did appeal, answer the following:
   (a) Name of court: Missouri Court of Appeals, Western District
   (b) Docket or case number (if you know): WD 69575
   (c) Result: Conviction affirmed with dissenting opinion
   (d) Date of result (if you know): February 22, 2011
   (e) Citation to the case (if you know): State v. Andrew M.T. Sapien, 377 S.W.3d 72
   (f) Grounds raised: See Attachment pg 1, 9(f).

   (g) Did you seek further review by a higher state court?   Yes ☒   No ___
   If "Yes," answer the following:
   (1) Name of court: Missouri Supreme Court
   (2) Docket or case number (if you know): Unknown
   (3) Result: Transfer / Rehearing denied
   (4) Date of result (if you know): Unknown

2

Case 4:16-cv-00851-ODS   Document 1   Filed 07/15/16   Page 2 of 19

(5) Citation of the case (if you know): Unknown

(6) Grounds raised: Same as 9(f).

(h) Did you file a petition for certiorari in the United States Supreme Court?  Yes ___  No _X_
If "Yes," answer the following:

(1) Docket or case number (if you know): N/A

(2) Result: N/A

(3) Date of result (if you know): N/A

(4) Citation to the case (if you know): N/A

10. Other than the direct appeals listed above, have you previously filed any other petition, application or motions concerning this judgement of conviction in any state court?

Yes _X_     No ___

11. If your answer to Question 10 was "YES," give the following information:

(a) (1) Name of court: Circuit Court of Platte County, Mo. 6 Judicial Circuit

(2) Docket or case number (if you know): 09AE-CV04297

(3) Date of filing (if you know): November 6, 2009

(4) Nature of the proceeding: Rule 29.15, Mo. Supp. Ct. (ineffective assistance of counsel)

(5) Grounds raised: See attachment pg 1-2, 11(5)

(6) Did you receive a hearing where evidence was given on your petition, application, or motion?
Yes _X_     No ___

(7) Result: Motion was denied

(8) Date of result (if you know): March 31, 2014

(b) If you filed any second petition, application, or motion, give the same information:

(1) Name of court: Missouri Court of Appeals, Western District

3

(2) Docket of case number (if you know): WD 77524

(3) Date of filing (if you know): May 6, 2014

(4) Nature of the proceeding: Appeal the denial of the Rule 29.15 motion

(5) Grounds raised: I: Trial Counsel failed to advise movant regarding pleading to reduced charges/advising movant not to plead guilty. II: Counsel elicited evidence supporting state's position and failed to obtain and review movant's juvenile records before trial.

(6) Did you receive a hearing where evidence was given on your petition, application, or motion?
Yes ___   No ✗

(7) Result: Ruling of Rule 24.15 was affirmed

(8) Date of Result (if you know): October 6, 2015

(c) If you file any third petition, application, or motion, give the same information:

(1) Name of court: N/A

(2) Docket of case number (if you know): N/A

(3) Date of filing (if you know): N/A

(4) Nature of the proceeding: N/A

(5) Grounds raised: N/A

(6) Did you receive a hearing where evidence was given on your petition, application, or motion?

Yes ___   No ✗

(7) Result: N/A

(8) Date of result (if you know): N/A

(d) Did you appeal to the highest state court having jurisdiction over the action taken on your petition, application, or motion?

(1) First petition:      Yes ✗   No ___
(2) Second petition:  Yes ✗   No ___
(3) Third petition     ~~Yes~~    ~~No~~

4

Case 4:16-cv-00851-ODS   Document 1   Filed 07/15/16   Page 4 of 19

(e) If you did not appeal to the highest state court having jurisdiction, explain why you did not: N/A

12. For this petition, state every ground on which you claim that you are being held in violation of the Constitution, laws, or treaties of the United States. Attach additional pages if you have more than four grounds. State the facts supporting each ground.

CAUTION: To proceed in the federal court, you must ordinarily first exhaust (use up) your available state court remedies on each ground on which you request action by the federal court. Also, if you fail to set forth all the grounds in this petition, you may be barred from presenting additional grounds at a later date.

GROUND ONE: Trial court erred in allowing (M.T) to testify that she had been raped by the defendant approximately 4 years earlier.

(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim): See Attachment pg 3, Ground One (a).

(b) If you did not exhaust your state remedies on Ground One, explain why: N/A

(c) Direct Appeal of Ground One:

    (1) If you appealed from the judgment of conviction, did your raise this issue?
    Yes X     No ___

    (2) If you did not raise this issue in your direct appeal, explain why? N/A

(d) Post-Conviction Proceedings:

    (1) Did you raise this issue through a post-conviction motion or petition for habeas corpus in a state trial court? Yes ___     No X

    (2) If your answer to Question (d)(1) is "Yes," state:

        Type of motion or petition: N/A

        Name and location of the court where the motion or petition was filed: N/A

5

Docket or case number (if you know): N/A

Date of the court's decision: N/A

Result (attach a copy of the court's opinion or order, if available): N/A

(3) Did you receive a hearing on your motion or petition?
~~Yes~~ ~~No~~

(4) Did you appeal from the denial of your motion or petition?
~~Yes~~ ~~No~~

(5) If your answer to Question (d)(4) is "Yes," did you raise this issue in the appeal?
~~Yes~~ ~~No~~

(6) If your answer to Question (d)(4) is "Yes," state

Name and location of the court where the appeal was filed: N/A

Docket or case number (if you know): N/A

Date of the court's decision: N/A

Result (attach a copy of the court's opinion or order if available) N/A

(7) If your answer to Question (d)(4) or Questions (d)(5) is "No", explain why you did not raise this issue: N/A

(e) Other Remedies: Describe any other procedures (such as habeas corpus, administrative remedies, etc) that you have used to exhaust your state remedies on Ground One: Petitioned Mo. Supp. Ct. to hear the ground after appellate denial.

GROUND TWO: Trial court erred in denying Petitioner's motion to dismiss based upon prosecutor's filing more severe charges against the Petitioner for refusing to accept the offered plea.

(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim):
See attachment Pg. 3-4, Ground Two (2)

6

(b) If you did not exhaust your state remedies on Ground Two, explain why: N/A

(c) Direct Appeal of Ground Two:

    (1) If you appealed from the judgment of conviction, did you raise this issue?
        Yes _X_        No ___

    (2) If you did <u>not</u> raise this issue in your direct appeal, explain why? N/A

(d) Post-Conviction Proceedings:

    (1) Did you raise this issue through a post-conviction motion or petition for habeas corpus in a state trial court?
        Yes ___        No _X_

    (2) If your answer to Question (d)(1) is "Yes," state:

        Type of motion or petition: N/A

        Name and location of the court where the motion or petition was filed: N/A

        Docket or case number (if you know): N/A

        Date of the court's decision: N/A

        Result (attach a copy of the court's opinion or order, if available): N/A

    (3) Did you receive a hearing on your motion or petition?
        Yes ___        No ___

    (4) Did you appeal from the denial of your motion or petition?
        Yes ___        No ___

    (5) If your answer to Question (d)(4) is "Yes," did you raise this issue in the appeal?
        Yes ___        No ___

    (6) If your answer to Question (d)(4) is "Yes," state:

        Name and location of the court where the appeal was filed: N/A

        Docket or case number (if you know): N/A

        Date of the court's decision: N/A

        Results (attach a copy of the court's opinion or order if available) N/A

(7) If your answer to Question (d)(4) or Questions (d)(5) is "No," explain why you did not raise this issue: N/A

(e) **Other Remedies:** Describe any other procedures (such as habeas corpus, administrative remedies, etc) that you have used to exhaust your state remedies on Ground Two: Petitioned Mo. Supp. Ct. to hear ground after appellate denial.

**GROUND THREE:** Prosecution presented plea offer that could not legally be accepted then punished Petitioner for rejecting the offer by enhancing the charges.

(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim): See Attachment pg. 4-5, Ground Three (a)

(b) If you did not exhaust your state remedies on Ground Three, explain why: Petitioner's counsel failed to raise this issue during post-conviction proceedings.

(c) **Direct Appeal of Ground Three:**

(1) If you appealed from the judgment of conviction, did you raise this issue?
Yes ___   No ✗

(2) If you did not raise this issue in your direct appeal, explain why? N/A

(d) **Post-Conviction Proceedings:**

(1) Did you raise this issue through a post-conviction motion or petition for habeas corpus in a state trial court?
Yes ___   No ✗

(2) If your answer to Question (d)(1) is "Yes," state:

Type of motion or petition: N/A

Name and location of the court where the motion or petition was filed: N/A

Docket or case number (if you know): N/A

Date of the court's decision: N/A

8

Remark (attach a copy of the court's opinion or order, if available): N/A

(3) Did you receive a hearing on your motion or petition?
Yes ☒   No ___

(4) Did you appeal from the denial of your motion or petition?
Yes ☒   No ___

(5) If your answer to Question (d)(4) is "Yes," did you raise this issue in the appeal?
Yes ___   No ☒

(6) If your answer to Question (d)(4) is "Yes," state

Name and location of the court where the appeal was filed: Missouri Court of Appeals, Wester District

Docket or case number (if you know): WD 77524

Date of the court's decision: October 6, 2015

Results (attach a copy of the court's opinion or order if available) Affirmed circuit court's denial of Rule 29.15 motion

(7) If your answer to Question (d)(4) or Questions (d)(5) is "No," explain why you did not raise this issue: Post-Conviction Counsel failed to address this issue during initial proceedings.

(e) Other Remedies: Describe any other procedures (such as habeas corpus, administrative remedies, etc) that you have used to exhaust your state remedies on Ground Three: None.

GROUND FOUR: Eliciting Evidence Supporting State's Position at Sentencing and failure to Object to inflamatory and prejudicial testimony of Petitioner's future dangerousness

(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim):

See attachment pg. 5, Ground 4(a)

(b) If you did not exhaust your state remedies on Ground Four, explain why: N/A

9

**(c) Direct Appeal of Ground Four:**

(1) If you appealed from the judgment of conviction, did you raise this issue?
Yes ___   No _X_

(2) If you did <u>not</u> raise this issue in your direct appeal, explain why? Was an ineffective assitance of counsel claim raised in post-conviction proceedings.

**(d) Post-Conviction Proceedings:**

(1) Did you raise this issue through a post-conviction motion or petition for habeas corpus in a state trial court?
Yes _X_   No ___

(2) If your answer to Question (d)(1) is "Yes," state:

Type of motion or petition: Mo. Supp. Ct. Rule 29.15 motion

Name and location of the court where the motion or petition was filed: Circuit Court of Platte County, Mo.

Docket or case number (if you know): 09AE-CY04297

Date of the court's decision: March 31, 2014

Result (attach of copy of the court's opinion or order, if available): Motion Denied

(3) Did you receive a hearing on your motion or petition?
Yes _X_   No ___

(4) Did you appeal from the denial of your motion or petition?
Yes _X_   No ___

(5) If your answer to Question (d)(4) is "Yes," did you raise this issue in the appeal?
Yes _X_   No ___

(6) If your answer to Question (d)(4) is "Yes," state:

Name and location of the court where the appeal was filed: Missouri Court of Appeals, Wester District

Docket or case number (if you know): WD 77524

Date of the court's decision: October 6, 2014

Result (attach a copy of the court's opinion or order if available) Affirmed the lower court's denial of motion.

10

(7) If your answer to Question (d)(4) or Questions (d)(5) is "No", explain why you did not raise this issue: N/A

(e) **Other Remedies:** Describe any other procedures (such as habeas corpus, administrative remedies, etc) that you have used to exhaust your state remedies on Ground Four: Petition Mo. Supp. Ct. for rehearing/transfer, denied.

13. Please answer these additional questions about the petition you are filing:

(a) Have all grounds for relief that you have raised in this petition been presented to the highest state court having jurisdiction?  Yes ___  No ✗

If your answer is "No," state which grounds have not been so presented and give your reason(s) for not presenting them: Ground 3; Counsel failed to raise this claim during post-trial proceedings.

(b) Is there any ground in this petition that has not been presented in some state or federal court? If so, which ground or grounds have not been presented, and state your reasons for not presenting them: Ground 3; Counsel failed to raise this claim during post-trial proceedings.

14. Have you previously filed any type of petition, application, or motion in a federal court regarding the conviction that you challenge in this petition? Yes ___  No ✗

If "Yes," state the name and location of the court, the docket or case number, the type of proceeding, the issues raised, the date of the court's decision, and the result for each petition, application, or motion filed. Attach of copy of any court opinion or order, if available: N/A

15. Do you have any petition or appeal now pending (filed and not decided yet) in any court, either state or federal for the judgment you are challenging? Yes ___  No ✗

If "Yes," state the name and location of the court, the docket or case number, the type of proceeding, and the issues raised: N/A

11

Case 4:16-cv-00851-ODS   Document 1   Filed 07/15/16   Page 11 of 19

16. Give the name and address, if you know, of each attorney who represented you in the following state of the judgment you are challenging:

   (a) At preliminary hearing: Jack Lawin, 1129 Swift Ave., KC, Mo. 64116; William L. Yu, 139 N. Water Street, Liberty, Mo. 64068

   (b) At arraignment and plea: Same as 16(a)

   (c) At trial: Same as 16(a)

   (d) At sentencing: Same as 16(a)

   (e) On appeal: William E. Shul

   (f) In any post-conviction proceeding: L. Kathleen Webber, 818 Grand, Suite 200, KC, MO 64106

   (g) On appeal from any ruling against you in a post-conviction proceeding: Same as 16(f)

17. Do you have any future sentence to serve after you complete the sentence for the judgment you are challenging?   Yes ___   No ✗

   (a) If so, give name and location of court that imposed the other sentence you will serve in the future: N/A

   (b) Give the date the other sentence was imposed: N/A

   (c) Give the length of the other sentence: N/A

   (d) Have you filed, or do you plan to file, any petition that challenges the judgment or sentence to be served in the future?   Yes ___   No ___

18. TIMELINESS OF PETITION: If your judgment of conviction became final over one year ago, you must explain why the one-year statute of limitations as contained in 28 U.S.C. § 2244(d) does not bar your petition.*(see below) N/A

*The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") as contained in 28 U.S.C. § 2244(d) provides in part that:

   (1) A one-year period limitations shall apply to an application for writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitations period shall run from the latest of:

   (A) the date on which the judgment became final by the conclusion of direct review or the

12

Case 4:16-cv-00851-ODS   Document 1   Filed 07/15/16   Page 12 of 19

expiration of the time for seeking such review;

(B) the date on which the impediment to filing an application created by State action in violation of the constitution or laws of the United States is removed, if the applicant was prevented from filing by such state action;

(C) the date on which the constitution right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of true diligence.

(2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitations under this subsection.

_____

Therefore, petitioner asks that the Court grant the following relief: Vacate, set aside, or correct the judgment or sentence,

or any other relief to which petitioner is entitled.

_____
Signature of Attorney (if any)

I declare (or certify, verify, or state) under penalty of perjury that the foregoing is true and correct and that this Petition for Writ of Habeas Corpus was placed in the prison mailing system on _____ (month, date, year).

Executed (signed) on _____ (Date).

_____
Signature of Petitioner

If the person signing is not petitioner, state relationship to petitioner and explain why petitioner is not signing this petition. N/A

13

**9 (f)**

Direct Appeal Ground I: Trial court erred in allowing witness M.T. to testify that she had been raped by the defendant approximately four years earlier.

Direct Appeal Ground II: Trial court erred in allowing evidence of the defendant's juvenile court record and the proceedings therein to be introduced during the sentencing phase of the proceeding.

Direct Appeal Ground III: The state engaged in prosecutorial vindictiveness by filing the amended information charging defendant with two counts of first-degree statutory sodomy.

**11(a)(5)**

Mo.Sup.Ct.R. 29.15 Motion Ground 1: Appellate counsel failed to file a complete transcript on appeal.

Mo.Sup.Ct.R. 29.15 Motion Ground 2: Trial counsel failed to advise movant regarding pleading to reduced charges/advising movant not to plead guilty.

Mo.Sup.Ct.R. 29.15 Motion Ground 3: Trial counsel failed to object and move for mistrial or curative instruction when court commented on state's expert witness.

Mo.Sup.Ct.R. 29.15 Motion Ground 4: Trial counsel failed to timely obtain and review juvenile file, psychological evaluation, and present mitigating evidence at sentencing.

Mo.Sup.Ct.R. 29.15 Motion Ground 5: Trial counsel elicited evidence supporting state's position at sentencing and failure to object to inflammatory and prejudicial testimony of movant's future dangerousness.

Mo.Sup.Ct.R. 29.15 Motion Ground 6: Trial counsel failed to interview M.T. prior to trial.

Mo.Sup.Ct.R. 29.15 Motion Ground 7: Trial counsel failed to object to evidence of prior bad acts during sentencing phase.

Mo.Sup.Ct.R. 29.15 Motion Ground 8: Trial counsel failed to object to the state's closing argument about the characterization of the computer evidence.

Mo.Sup.Ct.R. 29.15 Motion Ground 9: Trial counsel failed to object to the state's closing argument since there was no physical findings of abuse by the state's expert Dr. Micheal Maran.

Mo.Sup.Ct.R. 29.15 Motion Ground 10: Trial counsel failed to object to pornographic computer evidence that showed no link to the defendant.

Mo.Sup.Ct.R. 29.15 Motion Ground 11: Appellate counsel failed to challenge sufficiency of evidence at trial.

Mo.Sup.Ct.R. 29.15 Motion Ground 12: Appellate counsel failed to challenge the reliability of Jill Hazel's Children's Advocacy Center interviews of M.J.S. and D.T. as unreliable and should not have been admitted under chapter 491.

Mo.Sup.Ct. R. 29.15 Motion Ground 13: Appellate counsel failed to challenge that Suzane Sapien was in the courtroom during testimony of M.J.S. and D.T.

**Ground One (a)**

1. The prosecution called M.T. and during the direct-examination the Prosecutor injected the issue of what she did after allegedly witnessing the incident she testified to by asking her "tell the ladies and gentleman, what did you do when you saw that?" Trial transcripts (Tr.) 151; Ln. 2.

2. On cross-examination trial counsel asked M.T. to confirm her answer given to the prosecution's question, in that she "went back down stairs and sat on the couch, and watched t.v." Tr. 151-152.

3. At the close of the cross-examination the Prosecutor petitioned the judge to allow him to elicit testimony from M.T. that she had been molested by the Petitioner in 2002, Tr. 154. Since trial counsel asked M.T. to confirm her answer to the state's question the court granted the Prosecutor's petition. Stating 1) "you (trial counsel) asked it, too." and 2) "you didn't object to his question." Tr. 155.

4. The prosecution then elicited testimony from M.T. that she had been raped by the Petitioner during the time frame of 2001-2003, Tr. 157, instilling the jury with:

   a. That even though D.T. never testified or reported the incident M.T. allegedly witnessed, she did indeed witness the incident.

   b. The Petitioner already committed a non-consensual sexual offense against another sibling, and did the same here.

**Ground Two (a)**

1. The Petitioner was originally charged with two (2) counts of class B felony child molestation.

2. On April 19, 2006, the Petitioner's trial counsel received a letter from the Prosecutor stating that if the Petitioner refused to accept the plea offered in the letter he would enhance the charges to unclassified felonies of statutory sodomy in the first degree. This enhanced the range of punishment from 5-15 years to 10-30 years or life imprisonment.

3. The Petitioner declined the offered plea and the Prosecutor stated on the record that he was dismissing the lesser offenses for the higher because the Petitioner rejected the offer, April 19, 2006 hearing Tr. 10-11. There was no new evidence or other factors that would make the enhanced charges necessary.

4. The lesser offenses were dismissed and the Petitioner was recharged with the higher offenses, violating the Petitioner's right to due process and subjecting him to prosecutorial vindictiveness for exercising his right to a fair trial.

### Ground 3(a)

1. The state made a plea offer in a letter to the Petitioner's attorney dated April 19, 2006.

2. The offer consisted of a recommendation to the court for a five year sentence, with placement in the sexual offender assault unit, five years probation at the completion of the program, and the Petitioner would not be required to register as a sex offender. In exchange the Petitioner would have pled guilty to two (2) counts of class C felonies child endangerment in the first degree.

3. The letter also advised the Petitioner that if he did not accept this offer the prosecution would enhance the charges to statutory sodomy in the first degree.

4. The Petitioner could not have legally accepted the offer due to section 568.045 RSMo. Cum. Supp. 2003 which provides that a crime endangering a child in a sexual manner requires life time sex offender registration. The deal would have been legally void due to this section.

5. The state then vindictively enhanced the charges to punish the Petitioner for declining the offer.

### Ground 4(a)

1. Trial counsel was aware of the Petitioner's juvenile file at the start of his employment.

2. Trial counsel did not once review these documents prior to trial which left them unprepared for trial. Tr. 321, 325.

3. Counsel offered into evidence Petitioner's Safe School Report from the juvenile record, Exhibit E, Tr. 365-366; records from his psychiatric hospitalization at St. Lukes Northland Hospital, Exhibit W, Tr. 353; his juvenile court social history, Exhibit T, Tr. 355; and his psychological evaluation from 2003, Exhibit K, Tr. 355.

4. These documents supported the state's position for harsh sentences, and made the jurors look at the Petitioner as extremely dangerous.

5. These actoins violated the Petitioner's right to effective assistance of counsel, and aided the state's case.

Cedric Sean Williams #1139942 3D152
South Central Correctional Center
255 West Highway 32
Licking, MO 65542

RECEIVED
2016 JUL 20 AM 2:01
U.S. DISTRICT COURT
WEST. DIST. OF MO.
KANSAS CITY, MO

Clerk, United States District Court
Western District of Missouri
400 E. Ninth St.
Kansas City, MO 64106

Legal Mail